## Du Bois Lumber and Coal Company v. Getchell.

*Robert G. Hendricks*, for plaintiff; *Mark Thatcher*, for defendant.

RYAN, P. J., May 7, 1928.—The plaintiff obtained a rule to show cause why the title to this cause should not be amended by substituting as plaintiff the name of "Du Bois Lumber & Coal Company, a Corporation," for "Walter L. Du Bois, trading as Du Bois Lumber & Coal Company." The Act of May 4, 1852, § 2, P. L. 574, provides that "all actions pending or hereafter to be brought in the several courts of this Commonwealth, and in all cases of judgment entered by confession, the said courts shall have power, in any stage of the proceedings, to permit amendments by changing or adding the name or names of any party, plaintiff or defendant, whenever it shall appear to them that a mistake or omission has been made in the name or names of any such party." The instant case is within the provisions of this act. The suit was clearly intended to be brought by the Du Bois Lumber & Coal Company, but was brought in the name of its president, trading as such company. The fact of its incorporation was either inadvertently overlooked or not known. The cases cited by the defendant are those in which the names of new parties defendant were sought to be brought upon the record, which was not allowed. The affidavit of defense raising questions of law sets forth facts that do not appear by the statement of claim. It avers the filing of a mechanic's lien for the claim sued upon and a failure to register the fictitious name in which suit was brought. This makes it a "speaking demurrer." A statutory demurrer only disposes of questions arising out of the sufficiency of the statement to sustain the action. Judgment will not be entered on a point of law raised by affidavit where the material facts on which the defendant relies to sustain the question of law do not appear on the face of the statement: Wanamaker's Administrator *v*. Beamesderfer, 6 D. & C. 455.

And now, to wit, May 7, 1928, the amendment is allowed and the statutory demurrer is overruled, with leave to the defendant to file a supplemental affidavit of defense within fifteen days. From Calvin S. Boyer, Doylestown, Pa.